IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHEILA HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-0177-CV-W-DW |
| | ) | |
| STANDARD INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Standard Insurance Company's Motion for Summary Judgment. (Doc. 12). Plaintiff filed suggestions in opposition (Doc. 15) and Defendant filed a reply (Doc. 16). After reviewing the record and applicable law, the Court finds no genuine issue of material fact suggesting Plaintiff is entitled to relief. Accordingly, for the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

**FACTS**

Robert Hamilton, Plaintiff's husband, was employed by Albertsons, Inc ("Albertsons"). Albertsons provided its eligible employees, via an employee benefit plan, with life insurance benefits. Beginning June 1, 2003, Defendant Standard Insurance Company insured Albertsons' employee benefits plan. Prior to that date, Albertsons used a different insurance company.

Standard Insurance Company's policy with Albertsons (the "Policy") provided for Plan 1 and Plan 2 Life insurance coverage. Plan 1 life insurance coverage was automatically provided to qualifying Plan participants. Plan 2 coverage was optional additional coverage. Robert Hamilton did not have Plan 2 Coverage prior to June 1, 2003. Robert Hamilton did elect, however, to receive Plan 2 Coverage under Defendant Standard Insurance Company.

The Policy also contained a "Suicide Exclusion" clause which limited the amount of benefits one received when death resulted "from suicide or other internationally self-inflicted Injury..." Plan 1 Life Insurance benefits would be limited "to 50% of the amount of your Plan 1 Life Insurance." Plan 2 Benefits would "exclude the amount of your Plan 2 Life Insurance which has not been continuously in effect for at least 2 years on the date of your death. In computing the 2-year period, we will include time you were insured under the Prior Plan."

On August 1, 2004, Robert Hamilton died of a self-inflicted gunshot wound to the chest. Plaintiff, as the listed beneficiary of her husband's insurance policy, submitted a "Life Insurance Benefits Beneficiary's Statement." Defendant paid Plaintiff $39,000, which was its calculation of 50% of Hamilton's Plan 1 Benefits.

Defendant did not pay Plaintiff Plan 2 benefits since, according to Defendant's denial letter, Hamilton did not have Plan 2 benefits in effect for two continuous years. In denying Plaintiff's claim, Defendant quoted the Suicide Exclusion clause described above. Defendant quotation did not include the second sentence stating that the 2-year computation would include time "insured under the Prior Plan."

Plaintiff requested a review of the decision. Defendant's Quality Assurance Unit reviewed and upheld the benefits denial. Plaintiff then filed this suit claiming Defendant violated her rights under the Employee Retirement Income Security Act of 1974 ("ERISA").

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. See Fed. R. Civ. P. 56. Issues of fact must be material to a resolution of the dispute between the parties; where the only disputed issues of fact are immaterial to the resolution of the legal issues, summary judgement is appropriate. Case

v. ADT Automotive, 17 F. Supp. 2d 1077 (W.D. Mo. 1997), citing Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court must deny the motion, regardless of the non-moving party's response, if the moving party fails to meet its initial burden. Id.

Once the initial burden is met, the burden shifts to the nonmovant to set forth specific facts by affidavit or other evidence showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Nonmovant may not rest on the mere allegations of its pleadings. Id. It is the court's obligation, however, to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. Anderson v. Liberty Lobby, 477 U.S. 242, 252-255 (1986).

**COUNT II**

Count II of Plaintiff's Complaint states that Defendant improperly refused to incorporate and interpret § 376.620 of the Revised Statutes of Missouri. § 376.620 R.S.Mo. voids, except under limited circumstances, insurance policy stipulations establishing suicide as a defense to the policy. This bar only applies, however, to policies "issued by any company doing business in this state, to a citizen of this state." § 376.620 R.S.Mo. Parties dispute to whom the policy was "issued." Defendant claims the policy was a group insurance policy issued to Albertsons, Plaintiff's husband's employer. Plaintiff argues the plan was "issued...to" her husband, the policy certificate holder.

The 8th Circuit held that § 376.620's "issued...to" language "refers to the person to whom

the policy is sold." Perkins v. Philadelphia Life Ins. Co., 755 F.2d. 632, 634 (8th Cir., 1985). The question of to whom the policy was sold requires an analysis of the contractual relationship. Id.

The Policy here was issued to Albertsons in Idaho. Albertsons purchased a group insurance policy from Defendant, Standard Insurance Company. As in Perkins, Albertsons, as the named policyholder, paid all of the premiums on the policy and had the ability to terminate or amend the agreement. Perkins, 755 F. 2d at 635 (using these factors as support that a policy was issued to the employer). Indeed, the agreement itself states that the policy was issued in Idaho.

Since the policy was issued to a non-Missouri citizen, § 376.620 R.S.Mo does not apply to this case.[1] Accordingly, summary judgment is granted to Count II.

## COUNT I

Count I of Plaintiff's Complaint alleges two ERISA violations (1) incorrect interpretation of the policy language and (2) failure to include necessary language in the benefits denial letter. The Court will address these arguments in turn.

As stated above, the Policy contains a "Suicide Exclusion" limiting the benefits received upon death "...from suicide or other intentionally self-inflicted injury." Plan 1 Life Insurance benefits are limited "to 50% of the amount of your Plan 1 Life Insurance." Any payable Plan 2 Benefits "...exclude the amount of your Plan 2 Insurance which has not been continuously in effect for at least 2 years on the date of your death. In computing the 2-year period, we will include time you were insured under the Prior Plan."

Parties' debate centers around the correct interpretation of the second sentence of the Plan 2 limitations, particularly the phrase "Prior Plan." In reaching its benefits determination,

---

[1] Since the Statute does not apply, the Court finds it unnecessary to rule on Plaintiff's preemption argument.

Defendant interpreted Prior Plan as meaning the "amount of Type 2 Benefits" a party had under the Prior Plan. Plaintiff argues that the provision does not so limit the definition of "Prior Plan." Plaintiff claims any coverage under the Prior Plan, regardless of whether Type 2 or Type 1, is sufficient to trigger the start of the 2-year calculation.

When an ERISA-governed benefits plan gives the administrator discretion in determining eligibility for benefits and in interpreting the terms, the decisions of the plan administrators will be reviewed only for an abuse of that discretion. Solger v. Wal-Mart Stores, Inc Associates Health and Welfare Plan, 144 F. 3d 567, 568 (8th Cir., 1998).[2] The agreement governing the ERISA benefits plan in this case gave "full and exclusive authority to...administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy," subject to any specific reservations, to Defendant. The Court will thus review Defendant's interpretation of the terms for an abuse of discretion.

"[T]he administrator's interpretation of uncertain terms in a plan 'will not be disturbed if reasonable.'" King v. Hartford Life and Acc. Ins. Co., 414 F.3d 994, 999 (8th Cir., 2005), *quoting* Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989). The reasonableness of the administrator's interpretation is determined by a number of factors: "whether their interpretation is consistent with the goals of the Plan, whether their interpretation renders any language of the Plan meaningless or internally inconsistent, whether their interpretation conflicts

---

[2]Plaintiff apparently argues that a heightened standard of review should be employed. A heightened standard is only applied, however, where the party shows (1) that a serious procedural irregularity existed, which (2) caused a serious breach of the plan trustee's fiduciary duty to the plan beneficiary. Buttram v. Central States, Southeast and Southwest Areas Health and Welfare Fund, 76 F.3d 896, 900 (8th Cir.1996). To qualify for the heightened standard, "material, probative evidence, beyond the mere fact of the apparent irregularity, tending to show that the administrator breached his fiduciary obligation" must be shown. Id. Since Plaintiff has failed to present any such evidence, Defendant's decisions are reviewed for an abuse of discretion.

with the substantive or procedural requirements of the ERISA statute, whether they have interpreted the words at issue consistently, and whether their interpretation is contrary to the clear language of the Plan." Id., *quoting* Finley v. Special Agents Mut. Benefit Assoc., Inc., 957 F.2d 617, 621 (8th Cir.1992).

Using the Finley factors, Plaintiff failed to present any evidence that Defendant's interpretation was unreasonable. Plaintiff has not shown that Defendant's interpretation is contrary to any of the plan goals or the ERISA requirements. Defendant's interpretation is consistent with the plan's goal of discouraging applicants from applying for coverage with the express purpose of committing suicide shortly thereafter.

Plaintiff has also failed to show that Defendant's interpretation renders language meaningless or inconsistent. It is actually Plaintiff's interpretation that renders language meaningless. Under Plaintiff's interpretation, the previous definition of the two-year period, "the amount of your Plan 2 Insurance which has not been continuously in effect for at least 2 years on the date of your death," has no effect.

Plaintiff's argument that Defendant failed to provide sufficient notice of its denial since the denial letter excluded particular policy language is also without merit. In its letters to Plaintiff, Defendant stated it was denying Plaintiff Plan 2 benefits since Plan 2 coverage was not continuously present for 2 years. The denial letter quoted to the Suicide Exclusion Clause but excluded the sentence stating that "[i]n computing the 2-Year period, we will include time your were insured under the Prior Plan."

29 C.F.R. § 2650.503-1(g) sets out ERISA's requirements for benefits determination notification. Defendant's letter sufficiently complied with the above requirements. First, Defendant stated its reason for denying Plan 2 Benefits. (Administrative Record ("Adm. Rec.")

p. 81 ("since Mr. Hamilton's Plan 2 Life Insurance had not been continuously in effect for two years..."). Second, Defendant included a copy of the provisions relied upon for Plaintiff to review. Adm. Rec. p. 83; see 29 C.F.R. § 2650.503-1(g)(v)(a) (stating that where an adverse determination is based upon an internal rule, notification must include either the specific rule or a statement of the specific rule and notice that a copy will be provided free of charge). While Defendant's denial letter may have omitted language it deemed immaterial to its determination, the inclusion of the actual provision provided Plaintiff with sufficient notice of the entirety of the provision. Plaintiff failed to present any evidence that she was not afforded sufficient information to meaningfully perfect her claim.

Accordingly, Defendant's Motion for Summary Judgment (Doc. 12) is GRANTED.


Date: November 21, 2006                                                /s/ DEAN WHIPPLE
                                                                            Dean Whipple
                                                                       United States District Court